# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CLAYTON B. SMITH, | ) | CASE NO. 06-60396 |
| | ) | |
| Debtor. | ) | ADV. NO. 07-6022 |
| | ) | |
| CRAIG T. CONLEY, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| CLAYTON B. SMITH, | ) | **PUBLICATION)** |
| | ) | |
| Defendant. | ) | |

Now before the court are two motions: Plaintiff Craig T. Conley's ("Plaintiff") motion for default judgment and Defendant Clayton B. Smith's ("Debtor" or "Defendant") motion to dismiss. A pretrial conference in this adversary was held on May 16, 2007. Plaintiff appeared in person. Defendant, who is incarcerated, did not attend.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(I). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Plaintiff and Defendant have been adversaries for several years, in more than one court. This adversary proceeding is the most recent evidence of the acrimony existing between the two. Plaintiff's complaint alleges that two judgments issued by the county common pleas court in his favor against Defendant are nondischargeable under 11 U.S.C. § 523(a)(2). The complaint was filed on February 9, 2007. The summons was issued on February 23, 2007 and executed on Defendant on February 27, 2007. Defendant failed to file an answer, resulting in Plaintiff filing a motion for default judgment on April 4, 2007.

Subsequently, on April 18, 2007, Defendant filed a motion to dismiss. According to Defendant, he was never served and therefore sought to have his motion deemed timely filed.

He also alleged the dischargeability complaint was in violation of the discharge injunction and an attempt by Plaintiff to further harass him. Plaintiff filed a memorandum opposing the motion to dismiss and denied the allegations. Defendant filed a reply and renews his arguments that the debt was discharged by the discharge order entered on February 22, 2007.

## DISCUSSION

### I. Motion to Dismiss

#### A. Service

With regard to the service argument, the court finds Defendant's motion is not well-taken. On March 9, 2007, Plaintiff filed proof of service of the summons and certified that the complaint, pretrial order and summons were served via regular mail to Defendant on February 27, 2007. The address utilized by Plaintiff for Defendant is the same as that used by Defendant in his motion to dismiss. Additionally, Plaintiff's amended memorandum in opposition to the motion to dismiss, filed on May 18, 2007, includes a copy of a U.S. Postal Service certificate of mailing supporting Plaintiff's service on Defendant. The court finds that Plaintiff's service comports with Fed. R. Bankr. Pro. 7004(b)(2). Further, proof of proper mailing creates a presumption of receipt. *See* Hagner v. U.S., 285 U.S. 427 (1932); Bratton v. The Yoder Co. (In re The Yoder Co.), 758 F.2d 1114 (6th Cir. 1985); In re Chess, 268 B.R. 150 (Bankr. W.D. Tenn. 2001). Defendant has not introduced evidence sufficient to rebut the presumption. *See* Chess, 268 B.R. 150 at 156-57; *see also* Wilson v. Cassidy (In re Cassidy), 273 B.R. 531 (Bankr. N.D. Ohio 2002). In light of the fact that Defendant failed to demonstrate improper service, the court finds no basis to deem the motion to dismiss as timely filed.

#### B. Discharge Injunction

The court also concludes that Defendant's arguments that the complaint violates the discharge injunction are also misplaced. Defendant has failed to carefully read the reverse side of the discharge order, which provides:

> **Debts that are Not Discharged**
>
> Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:
>
>     \*    \*    \*    \*    \*
>
> (h)    Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged.

*See also* 11 U.S.C. § 727(b). Plaintiff timely filed his complaint to determine

dischargeability of the debts owing him *prior* to entry of the discharge. This action is not a violation of the discharge injunction. The court provides discharges to debtors with pending dischargeability actions rather than forcing them to wait until all such actions are concluded. Issuance of the discharge does not eliminate previously filed dischargeability actions.

## II. Motion for Default Judgment

On April 4, 2007, Plaintiff filed a motion for default judgment under Fed. R. Bankr. P. 7055. The motion was filed after the period for filing an answer, or similar pleading, expired. Because Defendant's motion to dismiss was not accepted as timely filed, and Defendant did not file an answer, the court finds that Plaintiff is entitled to the relief requested.

## CONCLUSION

Although Defendant challenges Plaintiff's service, Plaintiff provided a certificate of mailing which supports Plaintiff's claim that Defendant was served on February 27, 2007. Defendant failed to introduce evidence to rebut the presumption that an item which was properly mailed is deemed received. Additionally, Defendant's arguments that this debt was discharged are incorrect. The motion to dismiss is not well-taken and is denied. Further, as a result of Defendant's failure to prove there was a problem with service, the court will not accept the motion as timely filed. In the absence of a timely response to the complaint, Plaintiff is entitled default judgment.

An order in accordance with this opinion shall be entered forthwith.

/s/ Russ Kendig       JUN 13 2007
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Craig T. Conley
220 Market Ave., S.
Canton, OH 44702

Clayton B. Smith
55059-060 FCI Morgantown
Federal Correctional Institution
P.O. Box 1000
Morgantown, WV 26507-1000