# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CLAYTON B. SMITH, | ) | CASE NO. 06-60396 |
| | ) | |
| Debtor. | ) | ADV. NO. 07-6022 |
| | ) | |
| CRAIG T. CONLEY, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| CLAYTON B. SMITH, | ) | **PUBLICATION)** |
| | ) | |
| Defendant. | ) | |

Now before the court is Defendant Clayton B. Smith's ("Defendant") motion to vacate the order for default judgment entered by the court on June 13, 2007. Defendant cites Federal Rule of Civil Procedure 60(b)(1), (2), and (5), incorporated into bankruptcy practice at Federal Rule of Bankruptcy Procedure 9024, and argues that the judgment is void. According to the motion, the judgment should be set aside because he was not served with a copy of the summons or complaint, facts that he attests to in an affidavit. Plaintiff Craig T. Conley ("Plaintiff") filed a response in opposition on July 3, 2007, to which Defendant replied.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(I). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Plaintiff initiated this adversary proceeding on February 9, 2007 and seeks to have a debt owed to him declared nondischargeable under 11 U.S.C. § 523(a)(2). On March 9, 2007, Plaintiff filed a certification of service indicating that he served the summons, complaint and a copy of the court's pretrial order to Defendant by regular mail on February 27, 2007 and provided a copy of the certificate of mailing as an exhibit to a pleading. *See* Plaintiff's Memo. in Opposition, Exh. A. Following no response by Defendant, Plaintiff

moved for default judgment. In the meantime, Defendant filed a motion to dismiss the complaint for lack of proper service, arguing that he had never received the summons or complaint from Plaintiff.

The court considered the motions for default judgment and the motion to dismiss simultaneously. In an order dated June 13, 2007, the court granted the request for default judgment and denied the motion to dismiss. Basically, the court found that Defendant failed to prove that there was a problem with the service and therefore could not prove that the complaint was subject to dismissal.

Defendant then commenced the current round of pleading by filing a motion to vacate the default judgment. Essentially, two items separate the current arguments from the former: Defendant introduced an affidavit attesting to the fact that he did not receive a copy of the complaint or summons and now argues that the proper address for service was his residential address prior to his incarceration, not his prison address.

## DISCUSSION

Defendant relies on Fed. R. Civ. Pro. 60(b) which reads, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . .

Fed. R. Civ. P. 60(b). Although Defendant specifically cites Fed. R. Civ. Pro. 60(b)(1), (2), and (5), he also references that the judgment is void, which falls under Rule 60(b)(4).

Debtor, as the moving party, has the burden of proof with regard to a motion to set aside a default judgment. Manufacturers' Indus. Relations Assoc. v. East Akron Casting Co., 58 F.3d 204, 207 (6th Cir. 1995). When a judgment is void, the court must set aside the judgment. See Quach v. Cross, 2004 WL 2862285 (C.D. Ca. 2004) (citing In re Brackett, 243 B.R. 910, 913 (N.D. Ga. 2000) (other citations omitted)). Further, the court recognizes that trial on the merits is favored in federal court. See, e.g. INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 397; United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 846 (6th Cir. 1983); Baveley v. Powell (In re Baskett), 219 B.R. 754, 757 (B.A.P. 6th 1998).

Defendant previously argued that service was not proper but failed to support his arguments, instead relying on bald assertions of fact. In granting the motion for default judgment, the court concluded that unsupported assertions were not sufficient to rebut the presumption of receipt which arises from proof of proper mailing. Bratton v. The Yoder Co. (In re The Yoder Co.), 758 F.2d 1114 (6th Cir. 1985); In re Chess, 268 B.R. 150 (Bankr. W.D. Tenn. 2001). Here, however, Defendant has attached a sworn affidavit that

he did not receive the summons or complaint, stating "[t]hat I never reeived a copy of the complaint and Summons from Craig T. Conley by regular or certified mail service at any time prior and including today's date." Def.'s Affidavit, para. 3. The court finds that this evidence is sufficient to rebut the presumption that the summons and complaint were received.[1] Thus, the court will set aside the default judgment for improper service under Rule 60(b)(4). Defendant shall be given thirty days, until **September 10, 2007**, to file an answer to the complaint. A pretrial in this matter is scheduled for **October 10, 2007** at **9:00 a.m.**

Defendant also raised an issue regarding the proper address for service. It appears that the address utilized by Plaintiff is Defendant's prison address. Although the court notes that Defendant is using his prison address on pleadings, Plaintiff argues that he should be served at his normal residential address. Since the court has already determined that the default judgment will be set aside, the court will analyze this issue. However, the court will order that all future pleadings in this adversary proceeding be served on Defendant at both his residential address and his prison address. Defendant shall note that the residential address listed on the petition is 6105 Cedar Lane, N.W., Canton, OH 44708. Unless Defendant files a change of address with the court, this will be deemed to be his residential address.

An order in accordance with this opinion shall be entered forthwith.

/s/ Russ Kendig   AUG - 6 2007
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

---

[1] The court does not take into consideration the statements of Mr. Smith regarding his communications with Ms. Yost in the FCI Morgantown mail room. Without an affidavit from Ms. Yost, the court finds these statements to be of no evidentiary value.

**Service List:**

Craig T. Conley
220 Market Ave., S.
Canton, OH 44702

Clayton B. Smith
Reg. No. 55059-060
FCI Morgantown
P.O. Box 1000
Morgantown, WV 26507-1000

Clayton B. Smith
6105 Cedar Lane NW
Canton OH 44708