The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/s/ Russ Kendig
Russ Kendig
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| CLAYTON B. SMITH, | ) CASE NO. 06-60396 |
| | ) |
| Debtor. | ) ADV. NO. 07-6022 |
| | ) |
| CRAIG T. CONLEY, | ) JUDGE RUSS KENDIG |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT INTENDED FOR** |
| CLAYTON B. SMITH, | ) **PUBLICATION)** |
| | ) |
| Defendant. | ) |

    Multiple motions in this adversary proceeding are now before the court. On November 27, 2007, Plaintiff Craig T. Conley (hereafter "Plaintiff") filed an amended motion for summary judgment which also contains a motion to dismiss the counterclaim filed by Defendant Clayton B. Smith (hereafter "Defendant"). In his motion, Plaintiff urges the court to find that a state court judgment operates as res judicata on his 11 U.S.C. § 523(a)(2) claim against Debtor, resulting in nondischargeability of the underlying debt. Defendant filed a response to the amended motion and opposed the relief sought. Plaintiff thereafter filed a reply and filed supplement authority; Defendant filed a sur-reply.

    Also pending is a "Rule 60(b)(3) Motion for Fraud" filed by Defendant on January 3, 2008, and Plaintiff's subsequent response. Defendant filed a motion for summary

judgment on January 14, 2008, to which Plaintiff responded. Defendant also filed a "Memorandum Contra" on January 24, 2008 and a Motion to Compel on February 1, 2008. Plaintiff filed a responsive pleading on February 7, 2008, opposing the relief sought by Defendant, and also sought a protective order.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(I). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Defendant filed a chapter 13 petition on March 28, 2006 and Plaintiff was included as a creditor on Schedule F. According to Schedule F, Plaintiff was owed a debt arising from professional fees for services rendered by Plaintiff to Defendant. Defendant later converted the case to chapter 7, and, upon conversion, a chapter 7 notice was issued and provided that the last date to oppose discharge, or the dischargeability of certain debts, was February 9, 2007.

On February 9, 2007, Plaintiff timely filed a complaint under 11 U.S.C. § 523(a)(2) objecting to the discharge of the debt owed to him by Defendant, alleging that the debt was obtained by fraud. The following facts are derived from the Findings of Fact issued by the common pleas court on July 28, 2005[1] and are uncontroverted: Plaintiff sued Defendant in common pleas court in 2004 and obtained a judgment of $2,890.00, plus interest, on March 11, 2004. Following the judgment, Smith transferred ownership of one of his only assets (a Jeep) to his mother, yet continued to have the full benefit of the asset, and encumbered it with a $5,000.00 lien. In July 2004, Plaintiff sought to execute on the judgment but was unable to execute on Defendant's other significant asset, a coney cart, due to either Defendant's refusal or failure to cooperate. The court found that "Smith intended to and did defraud Conley by transferring the Jeep as aforesaid. (R.C. 1336.04)" and "Smith intended to and did defraud Conley by concealing the Coney Cart as aforesaid. (R.C. 1336.04)." The court then awarded Plaintiff compensatory damages of $2,067.40, plus interest at 10%, from March 2, 2005. The court then further found that "Smith's tortuous conduct subjects him to punitive damages, as he has demonstrated malice and/or egregious fraud, which has been shown by clear and convincing evidence before this Court. (R.C. 2315.21)." Plaintiff then

---

[1] A copy of the judgment is attached to Plaintiff's amended motion for summary judgment. Although not identified as an exhibit, the court will refer to the document as Exhibit B.

received an award of $1,500.00, plus five percent interest per annum, in punitive damages.

Defendant was granted a discharge on February 22, 2007.

## DISCUSSION

### I.  Plaintiff's Amended Motion for Summary Judgment

Plaintiff, relying on 11 U.S.C. §523(a)(2)(A), argues that the common pleas court judgment for compensatory and punitive damages is not dischargeable because it was incurred through Defendant's fraud.  Section 523(a)(2)(A) provides:

>  (a)    A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
>
>   \*     \*     \*     \*     \*
>
>  (2)    for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
>
>   (A)    false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

All exceptions to discharge are strictly construed against the creditor.  Rembert v. AT&T Universal Card Svcs., Inc. (In re Rembert), 141 F.3d 277, 281 (citing Manufacturer's Hanover Trust v. Ward (In re Ward), 857 F.2d 1082, 1083 (6th Cir. 1988)).  The creditor bears the burden of proof, by a preponderance of the evidence, in a nondischargeability action.  See Grogan v. Garner, 498 U.S. 279, 291 (1991).

Generally, in order to succeed on a section 523(a)(2)(A) complaint, the creditor must prove the following elements: "(1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss."  Rembert, 141 F.3d at 280-81 (citing Longo v. McLaren (In re McLaren), 3 F.3d 958, 961 (6th Cir. 1993)).  This test, however, was established in a case involving fraudulent misrepresentation, as opposed to the broader cause of actual fraud.  See generally Mellon Bank, N.A. v. Vitanovich (In re Vitanovich), 259 B.R. 873 (B.A.P. 6th 2001) (citing McClellan v. Cantrell, 217 F.3d 890 (7th Cir. 2000)); Schafer v. Rapp (In re Rapp), 375 B.R. 421 (Bankr. S.D. Ohio 2007).

Plaintiff argues that the judgment of fraud issued by the common pleas court now acts, under the doctrine of *res judicata*, to bar relitigation of the fraud in the bankruptcy court. To an extent, this is true: Defendant's claim was established in the state court and is not subject to relitigation. However, dischargeability under 11 U.S.C. §523(a)(2) was not litigated in the state court, and that determination is specifically within the purview of a bankruptcy court. *See* Brown v. Felson, 442 U.S. 127 (1979); In re Mills, 345 B.R. 598 (Bankr. N.D. Ohio 2006).

Although *res judicata* cannot operate to bar relitigation of the matter at hand, dischargeability, the related doctrine of collateral estoppel may be invoked to prevent relitigation of the fraud issue. *See* Grogan v. Garner, 498 U.S. 279, 284-85 (1991) (n. 11). Also referred to as issue preclusion, collateral estoppel prevents the relitigation of an issue previously decided in a judicial or administrative proceeding because "[t]he principles of full faith and credit reflected in [28 U.S.C.] § 1738 generally require 'that a federal court . . . give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" Rally Hill Prod., Inc. v. Bursack (In re Bursack), 65 F.3d 51 (6th Cir. 1995) (citations omitted). Thus, if the judgment by the state court would be given preclusive effect under Ohio law, this Court is bound to accord it the same allegiance.

In order to prevent relitigation of an issue, Ohio law requires the following four conditions be met:

> 1) A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;
> 2) The issue must have been actually and directly litigated in the prior suit and must have been necessary to the final judgment; 3) The issue in the present suit must have been identical to the issue in the prior suit;
> 4) The party against whom estoppel is sought was a party or in privity with the party to the prior action.

Sill v. Sweeney (In re Sweeney), 276 B.R. 186, 189 (B.A.P. 6th 2002) (citations omitted).

The common pleas court judgment demonstrates satisfaction of the first and fourth conditions. Prior to entry of the judgment, on June 28, 2005, the common pleas court held a trial, in which Defendant participated. (Pl.'s Am. Mot. Summ. J, Ex. B.) Testimony and evidence was proffered, including the testimony of Defendant. (Id. at Findings of Fact, para. 9). The result was entry of a final judgment following Defendant's full and fair opportunity to litigate the issue.

The second and third conditions require further inquiry and analysis. The only document before the Court is the state court judgment finding Defendant violated Ohio Revised Code § 1336.04, (id., at para. 1-2), Ohio's fraudulent conveyance act. The Court must determine whether the nexus between Defendant's violation of Ohio's fraudulent

conveyance act qualifies for application of collateral estoppel to Plaintiff's section 523(a)(2)(A) claim.

A fraudulent conveyance under Ohio law can be proved in two ways: either through proof of actual fraud (O.R.C. § 1336.04(A)(1)) or constructive fraud (O.R.C. § 1336.04(A)(2)). *See* Wooten v. Kreishcher, 162 Ohio App.3d 534 (Ohio App. 5 Dist. 2005). Actual intent to defraud is an element of the former but not the latter. Id. As set forth above, intent is an element of a section 523(a)(2)(A) fraudulent misrepresentation claim, and is also an element of a cause of action for actual fraud. *See* Vitanovich, 259 B.R. at 877. As a result, if the state court judgment was based on constructive fraud, where no proof of intent is required, a condition for invocation of collateral estoppel is lacking.

Although the state court does not specifically identify 1336.04(A)(1) in the judgment, the Court finds the judgment is for actual fraud. Simply, the state court made specific findings regarding Defendant's intent: "Smith intended to and did defraud Conley . . . ." (Pl.'s Am. Mot. Summ. J., Ex. B, Conclusions of Law, para. 1-2.) These findings of intent speak to actual fraud, not constructive. Consequently, the Court finds that the issue of fraudulent intent was litigated in the prior suit and was necessary for a finding of actual fraud. In concluding that the state court litigated actual fraud, and actual fraud is the same issue involved in this proceeding, the Court finds that both conditions two and three are satisfied. All four conditions for the application of collateral estoppel being met, the Court concludes that the debt arising from the state court judgment entry is nondischargeable under the actual fraud provision of 11 U.S.C. § 523(a)(2)(A).

Defendant responded to the amended motion for summary judgment. In his response, Defendant asserts that the complaint was not timely filed. The Court specifically found that the complaint was timely filed in a Memorandum of Opinion, ruling on Defendant's motion to dismiss, issued in this proceeding on June 13, 2007. Defendant's substantive arguments, contained in his reply and sur-reply, are fully considered and rejected. Plaintiff's amended motion for summary judgment is **GRANTED**.

## II. Plaintiff's Motion to Dismiss Defendant's Counterclaim[2]

On September 10, 2007, Defendant filed his answer to the complaint and asserted a counterclaim against Plaintiff. In paragraph two, Defendant asserts that the counterclaim is against both Plaintiff and Robert Cyperski. The Court does not have personal jurisdiction over Robert Cyperski, who is neither an original party in this proceeding, nor has he been joined. Thus, Defendant's counterclaim against Robert Cyperski is hereby **DISMISSED**.

---

[2] A separate motion to dismiss was not filed, rather it is contained in the amended motion for summary judgment.

In asserting his counterclaim, Defendant fails to provide a basis for his conclusion that the counterclaim is a core proceeding; further a general jurisdictional basis for the counterclaim is sorely lacking. The counterclaim appears to assert a separate cause of action for legal malpractice against Plaintiff for prepetition representation of Defendant in a criminal proceeding.

Although there are as many reasons to dismiss this counterclaim as there are motions in this adversary proceeding, the Court provides only one: this very claim was subject of a separate adversary proceeding, under the same bankruptcy case, wherein the Court determined it did not have jurisdiction over the claim and remanded the matter back to the state court. Smith v. Conley (In re Smith), No. 06-60396, Adv. No. 06-6102 (Bankr. N.D. Ohio filed Jan. 31, 2007).[3] Defendant's counterclaim is hereby **DISMISSED**.

### III. Defendant's "Motion for Fraud"

Federal Rule of Civil Procedure 60 is incorporated into bankruptcy practice by Federal Rule of Bankruptcy Procedure 9024. Under appropriate circumstances, Fed. R. Bankr. P. 9024 may be utilized to accord a litigant with relief from a judgment or order. Upon review of Defendant's motion, it appears that he seeks relief from a judgment order dated December 14, 2007 entered by Judge John J. Haas of the Stark County Court of Common Pleas in the case styled Smith v. Conley, No. 2003 CV 02854. The substance of Defendant's motion is that Plaintiff perpetrated a fraud on the court in obtaining the judgment. Plaintiff responded and opposed Defendant's motion.

Defendant's motion must fail. Quite simply, there is no authority for this Court to grant relief from the judgment issued by the Stark County Court of Common Pleas.

### IV. Defendant's Motion for Summary Judgment

Defendant's motion was filed pursuant to Federal Rule of Civil Procedure 56,

---

[3] The court notes that the state court issued a judgment entry on December 14, 2007, finding that "Smith's filing and prosecution of this action clearly lacked Civ R 11 good ground to support it and further clearly constituted frivolous conduct under O.R. C. 2323.51(A)(2)(a)(i) and/or (ii) and/or (iii) and/or (iv) in that Smith's filing and prosecution of this action obviously served merely to harass or maliciously injure Conley, was not warranted under existing law and could not be supported by a good faith argument for extension, modification or reversal of existing law, or by a good faith argument for the establishment of new law, and that the conduct of Smith consisted of allegations or other factual contentions that had no evidentiary support even after reasonable opportunity for further investigation or discovery and consisted of denials or factual contentions that are not warranted by the evidence and are not reasonably based on a lack of information or belief." (Pl.'s Submission of Supplemental Authority, attachment.)

incorporated into bankruptcy practice by Federal Rule of Bankruptcy Procedure 7056. Upon review of the motion, the Court finds that the first half of the motion concerns Defendant's counterclaim which, as set forth above, is dismissed. The remainder of the motion addresses Plaintiff's section 523(a)(2)(A) nondischargeability count. The Court fully addressed the arguments presented in Defendant's motion for summary judgment in deciding Plaintiff's amended motion for summary judgment and will not repeat its conclusions here. For the reasons set forth above, Defendant's motion for summary judgment is **DENIED**.

### V.     Defendant's Motion to Compel

In this motion, Defendant seeks to compel Plaintiff to answer interrogatories served on Plaintiff on January 15, 2008. The Court hereby **DENIES** the motion to compel. First, there is no evidence of compliance with Local Bankruptcy Rule 7026-1 governing discovery disputes. Second, Defendant's motion does not set forth facts which demonstrate that the interrogatories were served in compliance with the deadlines established in the Court's order dated October 12, 2007. Third, in light of the fact that the Court granted, as a matter of law, Plaintiff's amended motion for summary judgment, and found the debt to be nondischargeable, no factual issues remain in dispute, so the motion, and interrogatories, are moot.

### VI.    Plaintiff's Motion for a Protective Order

As a result of the findings above, the Court finds that the motion for a protective order is not well-taken and therefore will be **DENIED**. Plaintiff was granted summary judgment on his claim, and the discovery cut-off expired, so the Court does not find cause to issue a protective order.

An order in accordance with this opinion shall be issued immediately.

#     #     #

**Service List**:

Craig T. Conley
220 Market Ave., S.
Canton, OH 44702

Clayton B. Smith
55059-060 FCI Morgantown
Federal Correctional Institution
P.O. Box 1000
Morgantown, WV 26507-1000

Clayton B Smith
6105 Cedar Lane NW
Canton, OH 44708